UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Misty Nelson ,<br>        Plaintiff, | ) CASE NO.: <u>2:11-CV-2928-CWH-</u>BM<br>)<br>) |
| vs. | )<br>) |
| Science Applications International<br>Corporation, d/b/a SAIC, and Joseph<br>Shorter (individually)<br>        Defendant.<br>_____ | )    COMPLAINT<br>)    Jury Trial Requested<br>)<br>)<br>)<br>) |

## JURISDICTION AND PARTIES

<u>ONE:</u>   This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

<u>TWO:</u>   All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

> a.     A charge of employment discrimination on basis of sexual harassment was filed with Equal Employment Opportunity Commission ("EEOC").

> b.     Notification of the Right to Sue was received from the EEOC on or about July 29, 2011.

> c.     This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

<u>THREE:</u>   Plaintiff, Misty Nelson, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

<u>FOUR:</u>   All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

<u>FIVE:</u>   The Defendant, Science Applications International Corporation, d/b/a SAIC, upon information and belief, is a foreign corporation and is operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Charleston and is authorized to do regular business within South Carolina, through its subsidiary.

<u>SIX:</u>    The Defendant, Joseph Shorter, upon information and belief, is a citizen and resident of Berkeley County, State of South Carolina.

<u>SEVEN:</u>    The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

<u>EIGHT:</u>    The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

<u>NINE:</u>    The Defendant employs fifteen (15) or more employees and are "employers" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

<u>TEN:</u>    The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

<u>ELEVEN:</u>    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

<u>TWELVE:</u>    On or about October 7, 2007, the Plaintiff and the Defendants, their agents and employees, entered into a contract whereby the Defendants employed the Plaintiff to begin work at that time for an indefinite term.

<u>THIRTEEN:</u>    The Plaintiff signed a number of documents when she was hired she entered into a contract of employment.   The contract indicated she would be paid for working.   The Plaintiff performed her contract obligations and despite that fact she was terminated.

<u>FOURTEEN:</u>    The Defendants routinely worked with the government and interacts closely with government employees.

<u>FIFTEEN:</u>    During the Plaintiff's employment with the Defendant, the Plaintiff was subjected to inappropriate sexual advances, comments and gestures by Joe Shorter, a government employee she was working with under a SAIC contract.

<u>SIXTEEN:</u>    Mr. Shorter would give the Plaintiff gifts and cards, and would constantly tell the Plaintiff he was in love with her.

<u>SEVENTEEN:</u>    Mr. Shorter would also drive to the Plaintiff's home to bring her gifts.

<u>EIGHTEEN:</u> The Plaintiff told Mr. Shorter that his advances were not welcome.

<u>NINETEEN:</u>    The Plaintiff began being harassed on or about April 30, 2010, and continued until December 17, 2010.

<u>TWENTY:</u>    The harassment became so bad, the Plaintiff reported it to her supervisors.

<u>TWENTY-ONE:</u>    Following the Plaintiff's reports of sexual harassment to her employer, she was subjected to intimidation, harassment in retaliation for her complaints and, continued sexual harassment.

<u>TWENTY-TWO:</u>  On December 17, 2010, following the plaintiff's complaints, she was placed on administrative leave.

<u>TWENTY-THREE:</u>    The Plaintiff was subjected to retaliation when she was terminated on or about January 14, 2011, for reporting complaints of sexual harassment and intimidation.

<u>TWENTY-FOUR:</u>    Upon information and belief, the company fired the Plaintiff in an effort to foreclose the sexual harassment complaints of the Plaintiff that she was making against the government employee.

## FOR A  FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION

<u>TWENTY-FIVE:</u>  The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

<u>TWENTY-SIX:</u>    The Defendant, was wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a.     In visual and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

    b.     In continually allowing the perpetrator to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner;

    c.     In refusing to remove the Plaintiff from the hostile work environment and sexual harassment;

    d.     In allowing a hostile work environment to exist to the extent the Plaintiff could not continue to work in the environment; and

    e.     In terminating the Plaintiff for reporting sexual harassment in the workplace.

TWENTY-SEVEN:    That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered injuries, both physically and mentally.

TWENTY-EIGHT: That in failing to protect the Plaintiff from sexual harassment, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

TWENTY-NINE:    The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the South Carolina Human Affairs Law by allowing the sexual harassment, hostile work environment and retaliation to exist in the workplace.

THIRTY:    The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff.  The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing a hostile work environment to exist regarding sexual harassment and retaliation in the workplace.

THIRTY-ONE:    That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

THIRTY-TWO:  The Plaintiff's complaints of sexual harassment were a determining factor in the retaliation, disparate treatment, and wrongful discharge of the Plaintiff.  But for the Plaintiff's complaints of sexual harassment and a hostile work environment, she would not have been terminated.

THIRTY-THREE:    As a direct and proximate result of the Defendant's retaliation on the basis of complaints of sexual harassment in the workplace and a hostile work environment, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

THIRTY-FOUR: Wherefore, following the Plaintiff's complaints of sexual harassment, she was subjected to a hostile work environment.

THIRTY-FIVE:    Wherefore, the Defendant's employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

THIRTY-SIX:    Wherefore, the Plaintiff is entitled to injunctive relief and/or civil damages from the Defendant as a result of the employment discrimination as alleged above.

THIRTY-SEVEN:    Wherefore, due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

THIRTY-EIGHT:    That the discharge of the Plaintiff with the Defendant was the response by the Defendant, its agents and servants, to the Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Shorter including sexual harassment.

THIRTY-NINE:    That the aforesaid conduct of the Defendant, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

FORTY:    As a direct and proximate result of the acts and practices of the Defendant in retaliating against the Plaintiff, creating a hostile work environment and in the retaliatory discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF PUBLIC POLICY

FORTY-ONE: Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

FORTY-TWO:  The Defendants wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

FORTY-THREE: That the aforesaid wrongful discharge of Plaintiff's employment by the actions of the Defendants, constitutes a violation of clear mandate of public policy of the State of South Carolina.

FORTY-FOUR:    As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
## INVASION OF PRIVACY AS TO DEFENDANT JOE SHORTER

FORTY-FIVE:    The Plaintiff repeats and re-alleges all of the above paragraphs and all subsequent paragraphs as if each were set forth herein verbatim.

FORTY-SIX:    The Plaintiff has a common law right to privacy and a constitutional

right to privacy pursuant to Article 1, section 10 of the South Carolina Constitution, which confers on Plaintiffs a right to be left alone and to be free from unreasonable intrusions.

FORTY-SEVEN:   The Defendants wrongfully, intentionally, substantially, and unreasonably intruded into the private affairs of the Plaintiff.

FORTY-EIGHT:   The Defendants' intrusion as alleged hereinabove has resulted in injury and damage to the Plaintiff.

FORTY-NINE:   As a direct and proximate result of the Defendants' intrusion, the Plaintiff suffered actual damages, including, but not limited to, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

FIFTY:           The Plaintiff is informed and believes that she is entitled to actual and punitive damages in an amount to be determined at trial.

## FOR THE FOURTH CAUSE OF ACTION
## HARASSMENT AND STALKING

FIFTY-ONE: The Defendant Shorter has harassed the Plaintiff by a pattern of intentional, substantial, and unreasonable intrusion into her private life.  These actions have caused and would cause reasonable people in the Plaintiff's position to suffer mental distress.

FIFTY-TWO: The Defendant Shorter has displayed physical and verbal contact that is initiated, maintained, or repeated after Plaintiff has provided notice that the contact is unwanted.

FIFTY-THREE:      The Defendant Shorter has driven to the Plaintiff's residence, he has left gifts outside her home, even after he was told that this behavior was unwelcomed.

FIFTY-FOUR:   The Defendant Shorter has stalked the Plaintiff by a pattern of words, conduct, written, or electronic, that is intended to cause and does cause the Plaintiff and reasonable people in the Plaintiff's position to fear.

## FOR THE FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## TORT OF OUTRAGE

FIFTY-FIVE: The Plaintiff realleges and incorporate by reference the allegations contained hereinabove as if fully set forth herein.

FIFTY-SIX:   The acts and conduct of the Defendant, as heretofore alleged, were so extreme and outrageous as to exceed all possible bounds of decency and were committed

6

by the Defendant with the knowledge and intent that his actions would cause the Plaintiff severe emotional distress.

FIFTY-SEVEN:    As a direct and proximate result of the Defendant's acts and conduct, the Plaintiff has suffered severe emotional distress resulting in mental distress, fear, nervousness, and sleeplessness.

FIFTY-EIGHT:   As a direct and sole consequence of the aforesaid injuries sustained in the aforesaid incident, the Plaintiff has incurred expenses and other incidental costs.  The Plaintiff has had to endure the loss of enjoyment of life that no reasonable persons could be expected to endure.


## FOR A SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT

FIFTY-NINE:    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

SIXTY:          That the Defendants and the Plaintiff entered into a contract whereby they agreed to employ the Plaintiff at their Marymeade Drive, Summerville, South Carolina location.

SIXTY-ONE:   When the Plaintiff was hired by the Defendant she was given documents regarding the Sexual Harassment Policy, the Defendant, its agents, servants, and employees breached that contract by terminated the Plaintiff after she reported being sexually harassed.

SIXTY-TWO:    That because of Plaintiff's continuing complaints regarding discrimination on the basis of the Plaintiff's gender, the Defendants, their agents, servants, and employees, wrongfully terminated Plaintiff's employment, breaching the contract of employment between the Plaintiff and Defendants.

SIXTY-THREE:        That as a direct and proximate result of the wrongful termination of Plaintiff's employment, the Plaintiff has suffered a loss of income and benefits, he has been deprived on contractual rights conferred by the aforesaid contract, his ability to work in the field have been damaged, and he has been otherwise injured and damaged in such amount as a judge and jury may determine.


## REQUEST FOR RELIEF

SIXTY-FOUR:   The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

<u>SIXTY-FIVE</u>:  Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

<u>SIXTY-SIX</u>:    That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.     Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2.     Prejudgment interest, costs and attorneys fees as may be allowed by law;

3.     Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned such amount to be determined by the trier of fact;

4.     Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.     Judgment in favor of the Plaintiff and against the Defendant for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.     Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.


s/Casey C. Crumbley
Casey C. Crumbley
Federal I.D. # 11134
Attorney for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

Charleston, South Carolina
The 27<u>th</u> day of <u>October</u>, 2011.